UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>Petitioner,<br><br>v.<br><br>FAWAKY BURST SOUTH EUCLID, LLC, an Ohio corporation, and MUHAMMED EDWARDS, an individual,<br><br>Respondents. | :<br>:<br>:<br>:<br>:<br>: Case No.<br>:<br>:<br>:<br>:<br>:<br>: |

FILED
JUL 01 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

1 : 22 MC 35

JUDGE PEARSON

## PETITION TO COMPEL RESPONDENTS TO COMPLY WITH SUBPOENA *DUCES TECUM*

Petitioner, Martin J. Walsh, Secretary of Labor ("Secretary"), United States Department of Labor, by and through his counsel, pursuant to Section 9 of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*, brings this action to compel Fawaky Burst South Euclid, LLC, an Ohio corporation ("Fawaky Burst"), and Muhammed Edwards, an individual ("Edwards") (collectively "Respondents"), to comply with the subpoena *duces tecum* issued by the Regional Administrator, Wage and Hour Division, United States Department of Labor, and duly served upon Respondents.

1. Jurisdiction to issue the order is conferred upon this Court by Section 9 of the FLSA, 29 U.S.C. § 209, and Sections 9 and 10 of the Federal Trade Commission Act of 1914, as amended (15 U.S.C. §§ 49, 50) ("FTC Act").

2. Section 11 of the FLSA authorizes the Secretary to investigate and gather data regarding "conditions and practices of employment in any industry subject to this Act . . . as he may deem necessary or appropriate to determine whether any person has violated any provision of

this Act, or which may aid in enforcement of the provisions of this Act." 29 U.S.C. § 211. Section 9 of the FLSA further provides that sections 9 and 10 of the FTC Act (15 U.S.C. §§ 49, 50) relating to the production of documents, *inter alia*, are applicable to the Secretary for purposes of investigations under the FLSA. 29 U.S.C. § 209. Section 9 of the FTC Act provides authorized agents shall have access to documentary evidence of "any person, partnership, or corporation being investigated or proceeded against; and the Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation." 15 U.S.C. § 49.

3. Michael Lazzeri is the Regional Administrator of the Wage and Hour Division, United States Department of Labor, who, among others, has been delegated authority by the Secretary to issue administrative subpoenas under the FLSA. 29 U.S.C. § 209.

4. Respondent Fawaky Burst is an Ohio limited liability company with its principal place of business in South Euclid, Cuyahoga County, Ohio within the jurisdiction of this Court. A true and correct copy of the information retrieved from the Ohio Secretary of State website is attached hereto as Exhibit B.

5. Respondent Edwards is an individual residing at 4157 E. 113th Street, Cleveland, Ohio 44105, which is within the jurisdiction of this Court. (Ex. B, at ¶ 4).

6. To conduct a thorough investigation into the wages, hours, and other conditions and practices of employment pursuant to Section 11 of the FLSA, Wage and Hour investigators regularly review, copy, and/or transcribe information from employers' records (including, but not limited to, payroll records and records of hours worked), question and interview employees, and collect and review other relevant data relating to compliance by employers under the FLSA. (Ex. A, Declaration of Anthony Mancini in Support of Petition to Compel Respondents to Comply with Subpoena *Duces Tecum*, at ¶ 2).

7. On November 2, 2021, the Secretary began an investigation as to whether Respondents failed to comply with the FLSA. (Ex. A, at ¶ 3).

8. On November 5, 12, and 15, 2021, Wage and Hour Investigator Anthony Mancini ("WHI Mancini") called Respondent Edwards to inform him of the investigation and to request information and records related to Respondent Fawaky Burst. (Ex. A, at ¶ 4). Specifically, WHI Mancini requested, among other things, the legal name and FEIN of the company; the contact information for the business owner and officers; records of gross annual dollar volume of sales; the names, contact information, jobs, pay, and exemptions of all employees and independent contractors; payroll and time records covering the period of November 11, 2019, through the date of production; information on minor employees; and documents related to independent contractors. (Ex. A, at ¶ 4).

9. On November 16, 2021, WHI Mancini mailed a letter requesting Respondents provide the above documents by November 29, 2021, and scheduled an initial conference (i.e., a meeting between the employer and WHD in which WHD seeks to obtain information regarding the employer's business and to request documents that could speak to the employer's compliance, or lack thereof, with the FLSA) for November 29, 2021 at 10:00 a.m. via telephone. (Ex. A, at ¶ 6).

10. On November 19 and 22, 2021, WHI Mancini called Fawaky Burst's main line, leaving messages each time to inform him of the investigation and to request information and records related to Respondent Fawaky Burst. (Ex. A, at ¶ 7).

11. On November 26, 2021, WHI Mancini spoke with Fawaky Burst's owner and statutory agent, Edwards, and confirmed the initial conference for November 29, 2021, at 10:00 a.m. (*Id.*; Ex. C, Appointment Letter for Initial Conference). After this call, WHI Mancini sent

3

Edwards an email to confirm the appointment, which included the appointment letter for the initial conference as an attachment. A true and correct copy of the email is attached hereto as Exhibit D.

12. Edwards did not appear at the initial conference on November 29, 2021. (E. A, at ¶ 8). When WHI Mancini called Edwards at 10:00 a.m. that day, he did not answer and the voicemail box was full. (*Id.*). WHI Mancini then sent an email to Edwards to reschedule the initial conference. (*Id.*). A true and correct copy of the email string related to the rescheduling of the initial conference is attached hereto as Exhibit E.

13. On November 30, 2021, Edwards responded to WHI Mancini's email and the initial conference was rescheduled for December 7, 2021, at 10:00 a.m. (Ex. E).

14. Edwards did not appear for the second attempt at the initial conference on December 7, 2021. (Ex. A, at ¶ 10). When WHI Mancini called Edwards at 10:00 a.m. on December 7, 2021, he did not answer. (*Id.*). WHI Mancini never received a call, email, or any other response from Edwards. (*Id.*).

15. On December 7, 2021, Nikolai Bogomolov, Assistant District Director, Wage and Hour Division, Cleveland Area Office ("ADD Bogomolov") emailed and mailed Respondents a final written notice to submit the requested information and records by December 17, 2021, at 10:00 a.m. EST. (Exhibit F, Declaration of Nikolai Bogomolov in Support of Petition to Compel Respondents to Comply with Subpoena *Duces Tecum*, at ¶ 2). A true and correct copy of the final written notice is attached hereto as Exhibit G. Respondents did not produce any of the requested documents to ADD Bogomolov. (Ex. F, at ¶ 4).

16. On January 3, 2022, pursuant to the power vested in him as the Regional Administrator of the Wage and Hour Division, Michael Lazzeri signed and issued a subpoena *duces tecum* ("Subpoena") relating to the Secretary's investigation of Respondents, directing Respondent Edwards, the owner and statutory agent of Fawaky Burst, to provide the requested

4

documents to ADD Bogomolov by January 21, 2022, at 10:00 a.m. EST. A true and correct copy of the Subpoena (with proof of service) is attached hereto as Exhibit H.

17. The Subpoena requested, among other things, the legal name and FEIN of the company; the contact information for the business owner and officers; records of gross annual dollar volume of sales; the names, contract information, jobs, pay, and exemptions of all employees and independent contractors; payroll and time records covering the period of November 11, 2019, through the date of production; information on minor employees; documents related to independent contractors; business tax documents; worker schedules; and business policies and procedures. (Ex. H).

18. On January 5, 2022, WHI Mancini hand-delivered the Subpoena to Respondent Edwards at Fawaky Burst. (Ex. H). Respondents did not respond to the Subpoena by the required response date, January 21, 2022.

19. On February 25, 2022, an attorney with the United States Department of Labor, Office of the Solicitor, sent Respondents a letter via email and regular mail, requesting compliance with the Subpoena by March 9, 2022. A true and correct copy of the letter (with proof of service) is attached hereto as Exhibit I. Respondents did not respond to that email or letter.

20. To date, Respondents have only partially complied with the Subpoena. Specifically, on March 10, 2022, Respondents provided W-2s, payroll records from September 2021 to December 31, 2021, and time sheets from January 1, 2021 to December 31, 2021. (Ex. A, at ¶ 13; Ex. H). Respondents have failed to produce any of the other records or documents, as required by the Subpoena. (Ex. A, at ¶ 13).

21. Respondents' failure to produce records and documents, as required by the Subpoena, has impeded and continues to impede a lawful investigation under Section 11 of the FLSA.

WHEREFORE, Petitioner prays for an order requiring Respondent Muhammed Edwards, as owner and statutory agent of Fawaky Burst South Euclid, LLC, to appear before this Court, on a day certain, to show cause, if any, why they should not appear before the Secretary's designated representative, at such time and place as the Court may set, to produce designated books, records, and documents, as required by the Subpoena; why the Court should not toll the statute of limitations from January 21, 2022, the date Respondents first failed to comply with the Secretary's Subpoena, until such date as the Secretary informs the Court that Respondents have complied in full; and that Petitioner have such other relief as may be necessary and appropriate.

Respectfully submitted,

Dated:                    /s/ Kortney Mosley
                          KORTNEY MOSLEY (91612)
                          Trial Attorney

                          United States Department of Labor
                          Office of the Solicitor
                          1240 East Ninth St., Room 881
                          Cleveland, OH 44199
                          (216) 522-3849
                          (216) 522-7172 (Fax)
                          Mosley.Kortney.S@dol.gov

                          OF COUNSEL:

                          SEEMA NANDA
                          Solicitor of Labor

                          CHRISTINE Z. HERI
                          Regional Solicitor

                          LEAH A. WILLIAMS
                          Associate Regional Solicitor