PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN J. WALSH, | ) | |
| | ) | CASE NO. 1:22-MC-00035 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FAWAKY BURST SOUTH | ) | |
| EUCLID, LLC, *et al.*, | ) | **ORDER** |
| | ) | [Resolving ECF No. 1] |
| Respondents. | ) | |

Pending before the Court is the Secretary of Labor's Petition to Compel Respondents to Comply with Subpoena *Duces Tecum*. ECF No. 1. The Court held a Show Cause Hearing on September 21, 2022 upon the Court's Order for Respondents to appear in court and to show cause why they should not be held in contempt of Court for failing to fully comply with Petitioner's subpoena. ECF No. 2. Counsel for Petitioner and two representatives of Petitioner were present at the hearing. Neither Respondent Muhammed Edwards nor any other representative of Respondent Fawaky Burst South Euclid, LLC were present at the hearing.[1] To date, Respondents have yet to fully comply with Petitioner's subpoena. For the reasons stated below, the Court grants the Secretary of Labor's Petition to Compel and finds Respondents in contempt of Court.

---

[1] Additionally, no excused absences were sought.

(1:22-MC-00035)

## Background

Petitioner alleges that on November 2, 2021, the Secretary of Labor began an investigation as to whether Respondents failed to comply with the Fair Labor Standards Act ("FLSA"). ECF No. 1 at PageID #:3. Respondent Edwards, the owner and statutory agent of Fawaky Burst South Euclid, LLC, failed to show up to any of the scheduled initial conference dates.[2] Id. at PageID #:4. On January 3, 2022, the Regional Administrator of the Wage and Hour Division signed and issued a subpoena *duces tecum* relating to the Secretary of Labor's investigation of Respondents. ECF No. 1-10. The subpoena directed Respondents to provide the requested documents and records contained therein to Nikolai Bogomolov, an Assistant District Director for the United States Department of Labor, by January 21, 2022 at 10:00 a.m. EST. Id. A Wage and Hour Investigator for the United States Department of Labor, Anthony Mancini, hand-delivered the subpoena to Respondent Edwards at Fawaky Burst on January 5, 2022. ECF No. 1 at PageID #:5. Respondents failed to respond to the subpoena by January 21, 2022. Id.

Despite Petitioner's multiple attempts to communicate with Respondents and the extensions of time given Respondents to comply, Respondents still have yet to fully comply with Petitioner's subpoena. On February 25, 2022, an attorney with the Office of the Solicitor of the United States Department of Labor sent Respondents a letter by email and regular mail, requesting that Respondents comply with Petitioner's subpoena by March 9, 2022. Id. On March 10, 2022, Respondents provided some of the requested documents and records, including

---

[2] Petitioner attempted to schedule an initial conference with Respondents to be held on November 29, 2021. ECF No. 1 at PageID #: 4. Respondent Edwards failed to appear on this scheduled date, however, Respondent Edwards then asked for the initial conference to be rescheduled for December 7, 2021. Id. Respondent Edwards also failed to appear for the initial conference on the rescheduled date. Id.

(1:22-MC-00035)

the following: W-2 forms, payroll records from September 2021 to December 31, 2021, and time sheets from January 1, 2021 to December 31, 2021. *Id.* Since then, Respondents have not produced any other requested record or document enumerated in Petitioner's subpoena. *Id.*

Upon consideration of the Petition, the Court issued an Order on July 29, 2022 requiring Respondents to serve a written response to the Petition and to also make in writing any motions or defenses in opposition to the Petition. ECF No. 2 at PageID #: 73–74. The July 29, 2022 Order also warned that "only issues raised by motion or brought into controversy by responsive pleading shall be considered by the Court and any uncontested allegations in the Petition shall be deemed admitted." ECF No. 2 at PageID #: 74. Respondents failed to attend the Show Cause Hearing and did not file any written responses, motions, or defenses with the Court prior to the Hearing as ordered.

## Legal Standard and Governing Law

To determine whether to grant a petition for judicial enforcement of a subpoena, a district court must "decide whether the agency has met the statutory requirements pertaining to the issuance and enforcement of the subpoena . . . [and] whether the agency has satisfied or complied with the judicially-created standards for enforcement of the subpoena." United States v. Markwood, 48 F.3d 969, 976–77 (6th Cir. 1995). A subpoena can be enforced if "the demand is not too indefinite and the information sought is reasonably relevant" and not unreasonable. *Id.* at 977 (citing *United States v. Morton Salt Co.*, 338 U.S. 632, 652–53 (1950)).

Relevant to this case, the Fair Labor Standards Act ("FLSA") authorizes the Secretary of Labor to investigate and gather data regarding "conditions and practices of employment in any industry subject to this [Act] . . . as he may deem necessary or appropriate to determine whether any person has violated any provision of this [Act], or which may aid in the enforcement of the

3

(1:22-MC-00035)

provisions of this [Act]." 29 U.S.C. § 211(a). The FLSA also authorizes administrative agencies to issue administrative subpoenas when necessary to compel compliance with the Secretary of Labor's investigations. 29 U.S.C. § 209.

In conjunction with the FLSA, the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 49, provides the Court with the authority to hold a person, partnership, or corporation in contempt for failure to obey an issued subpoena requesting the production of documentary evidence. 15 U.S.C. § 49. Additionally, under the FTC Act, 15 U.S.C. § 50 provides district courts of the United States with the authority to find guilty of an offense "[a]ny person who shall neglect or refuse to attend and testify, or to answer any lawful inquiry or to produce any documentary evidence, if in his power to do so, in obedience to an order of a district court of the United States directing compliance with the subpoena or lawful requirement of the Commission." 15 U.S.C. § 50. The Court has authority to punish the guilty party in these cases "by a fine of not less than $1,000 nor more than $5,000, or by imprisonment for not more than one year, or by both such fine and imprisonment." *Id.*

**Analysis**

The Petition specifies that the subpoena's purpose was to obtain the documents and records necessary to aid in the Secretary of Labor's investigation pursuant to the FLSA. The subpoena, appended to the Petition as Exhibit H, provides the requested documents and records in clear and great detail, all of which are reasonably relevant to Petitioner's investigation regarding Respondents' employment conditions. ECF No. 1-10. Thus, given that Petitioner's subpoena requests are both definite and reasonably relevant to the purpose of its investigation, the Court finds that Petitioner's subpoena *duces tecum* is enforceable.

(1:22-MC-00035)

To this date, Respondents have only partially complied with Petitioner's subpoena, failed to file a response, motions, or defenses regarding the Petition, and not appeared at the Show Cause Hearing. Petitioner has made a good faith effort to attempt to seek Respondents' cooperation with the subpoena. As stated in the Court's July 29, 2022 Order, Respondents' failure to respond to the Petition results in the complete admittance of all allegations in the Petition. ECF No. 2 at PageID #:74. Under these circumstances, along with Respondents' failure to fully comply with Petitioner's subpoena, the Court is authorized by the FTC Act to compel Respondents to fully comply with Petitioner's subpoena and to hold Respondents in contempt should they fail to do so. 15 U.S.C. § 49. Should Respondents forgo their final opportunity to fully comply with the subpoena, the FTC Act also authorizes the Court to punish Respondents by a fine or imprisonment. 15 U.S.C. § 50.

**Conclusion**

For the foregoing reasons, the Court grants the Secretary of Labor's Petition. The Court finds Respondents in contempt of Court and compels Respondents to fully comply with Petitioner's subpoena on or before October 5, 2022. If, by such date, Respondents have not fully complied with Petitioner's subpoena, the Court will issue a warrant for the arrest of Respondent Muhammed Edwards. IT IS SO ORDERED that:

1. Petitioner serves Respondents with an electronic copy of this Order.
2. The Clerk of Court mails Respondents a copy of this Order.
3. On or before October 5, 2022, Respondents fully comply with Petitioner's subpoena.
4. On or before October 5, 2022, Petitioner informs the Court whether or not it has received full compliance from Respondents regarding the subpoena. If necessary, Petitioner may include in this status report a request for the exact number of days that

(1:22-MC-00035)

    it will need to review any documents and records that Respondents may have produced.

5. If Respondents fail to fully comply with Petitioner's subpoena on or before October 5, 2022, the Court will issue a warrant for the arrest of Respondent Muhammed Edwards.

6. The statute of limitations under the FLSA, 29 U.S.C. § 255, is tolled from January 21, 2022 until Petitioner informs the Court that it has received Respondents' full compliance with its subpoena.

    IT IS SO ORDERED.

| September 22, 2022 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |